# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21-mj-70191 LB |
| Plaintiff, | DETENTION ORDER |
| v. | |
| JAVIER CHAVEZ, | |
| Defendant. | |

In this presumption case, and following hearings on February 8, 10, and 24, 2020, the court ordered the defendant detained as a danger to the community. The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The government must establish the risk of non-appearance by a preponderance of the evidence, and it must establish danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); *see United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). The government has met its burden on danger.

In reaching this conclusion, the court considered the parties' proffers, the charging documents, Pretrial Services' reports, and the factors set forth in 18 U.S.C. § 3142(g). The court explained its reasons at the hearing, but in short, the record does not allow the court to fashion conditions to address the danger to the community. The court could fashion conditions to address any serious of flight, but given the defendant's behavior, the court cannot mitigate the risks he poses or fashion

DETENTION ORDER – 3:21-mj-70191 LB

United States District Court
Northern District of California

1  conditions that would reasonably assure the safety of the community, given the nature of the
2  charges and conduct, the nature and extent of the criminal history, and the defendant's
3  performance on supervision, among other factors.
4      This finding is made without prejudice to the defendant's right to seek review of the
5  defendant's detention or file a motion for reconsideration if circumstances warrant it.
6      The defendant is committed to the custody of the Attorney General or a designated
7  representative for confinement in a corrections facility separate, to the extent practicable, from
8  persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. §
9  3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with
10 counsel. *See id*. § 3142(i)(3). On order of a court of the United States or on request of an attorney
11 for the government, the person in charge of the corrections facility must deliver the defendant to
12 the United States Marshal for a court appearance. *See id*. § 3142s(i)(4).

**IT IS SO ORDERED.**

Dated: February 26, 2021

_____
LAUREL BEELER
United States Magistrate Judge